HAROLD C. WESCOTT, SR., Appellant, v. UNION BAG AND PAPER CORPORATION, a Domestic Corporation, Respondent. MABEL E. WESCOTT and Another, Appellants, v. UNION BAG AND PAPER CORPORATION, a Domestic Corporation, Respondent. GERALD E. WESCOTT, an Infant, by His Guardian ad Litem, HAROLD C. WESCOTT, SR., and Another, Appellants, v. UNION BAG AND PAPER CORPORATION, a Domestic Corporation, Respondent. WILLIAM J. WESCOTT, an Infant, by His Guardian ad Litem, HAROLD C. WESCOTT, SR., and Another, Appellants, v. UNION BAG AND PAPER CORPORATION, a Domestic Corporation, Respondent. JAMES R. WESCOTT, an Infant, by His Guardian ad Litem, HAROLD C. WESCOTT, SR., and Another, Appellants, v. UNION BAG AND PAPER CORPORATION, a Domestic Corporation, Respondent. HAROLD C. WESCOTT, an Infant, by His Guardian ad Litem, HAROLD C. WESCOTT, SR., and Another, Appellants, v. UNION BAG AND PAPER CORPORATION, a Domestic Corporation, Respondent. MOSE GARDNER, Appellant, v. UNION BAG AND PAPER CORPORATION, a Domestic Corporation, Respondent. ARTHUR MCINTOSH, Appellant, v. UNION BAG AND PAPER CORPORATION, a Domestic Corporation, Respondent. LUCILLE M. GARDNER, an Infant, by Her Guardian ad Litem, FLORENCE GARDNER, and Another, Appellants, v. UNION BAG AND PAPER CORPORATION, a Domestic Corporation, Respondent.— Appeals by plaintiffs from judgments entered in Washington county, upon separate verdicts of no cause of action in favor of the defendant, and from orders denying motions in behalf of plaintiffs for a new trial. The claim of plaintiffs is that most of the plaintiffs were sitting in a Willys car facing south on the west edge of a three-strip concrete road, the car having been brought to a stop because of engine trouble; that defendant's truck was approaching from the south on the eastern strip, and that a Cadillac car in which one of the plaintiffs was a passenger, coming south, was passing between the parked car and the truck. Contention of plaintiffs is that the truck swerved to the left, striking the Cadillac car and throwing it against the parked Willys car. Contention of the defendant is that the Cadillac car, as it attempted to pass the parked car, skidded across the road, and struck the parked car without fault on the part of the driver of the truck. Appellants also urge that the verdict should be set aside because affidavits of certain jurors state that they misapprehended the law as contained in the charge; also that one of the jurymen, whose occupation was listed as " freight agent," did not disclose that he was an insurance agent, representing liability insurance companies. Judgments and orders unanimously affirmed, with costs in one action. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.